## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS CHARLIE DODD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-15-795-R |
| GARFIELD COUNTY DETENTION CENTER, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted to this Court for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by United States District Judge David L. Russell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

By Order [Doc. No. 5] dated July 22, 2015, Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] was granted; however, Plaintiff was directed to pay an initial partial filing fee of $5.34 by August 11, 2015, in accordance with 28 U.S.C. § 1915(b). Plaintiff was advised that he would be required to make monthly payments of twenty percent of the preceding month's income credited to his prison account(s) until the full $350 filing fee was paid. Plaintiff was further advised that failure either to pay the initial partial filing fee or show cause in writing for the failure to pay could result in dismissal of this action without prejudice to refiling.

Plaintiff failed to pay the initial partial filing fee by August 11, 2015. By Order [Doc. No. 6] dated August 18, 2015, rather than recommending dismissal of the action for failure to comply with the July 22, 2015 Order, the Court sua sponte gave Plaintiff additional time until September 2, 2015, in which either to pay the initial filing fee or voluntarily dismiss this action.

Plaintiff was again advised that failure to comply with the terms of the Order could result in dismissal of this action without prejudice to refiling.

A review of the Court file reveals that as of this date, Plaintiff has failed to comply with the Court's previous orders. Plaintiff has not made the initial partial payment or any other payment, requested an extension of time within which to pay, demonstrated good cause for his failure to pay, or sought to dismiss his action voluntarily. Thus, the action is subject to dismissal without prejudice to refiling. *See* LCvR 3.4(a); *see also Cosby v. Meadors*, 351 F.3d 1324, 1326-34 (10th Cir. 2003) (upholding dismissal of civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay); *Kennedy v. Reid*, 208 F. App'x 678, 679-80 (10th Cir. 2006) (finding no abuse of discretion in district court's dismissal of § 1983 action without prejudice due to litigant's failure to timely pay initial filing fee). Accordingly, Plaintiff's action should be dismissed without prejudice to refiling.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice pursuant to LCvR 3.4(a) for failure to comply with the requirements of 28 U.S.C. § 1915(b).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by October 1, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); LCvR 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 10th day of September, 2015.

BERNARD M. JONES
United States Magistrate Judge